IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABB TURBO SYSTEMS AG and
ABB INC.,

Plaintiffs,

v. Case No. 8:12-cv-01322-MSS/TGW

TURBONED SERVICE B.V. and
TURBOUSA, INC.,

Defendants.
______________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT TURBONED SERVICE B.V.**

Defendant, TurboNed Service B.V. ("TurboNed"), by and through its undersigned attorneys, hereby responds to the Complaint of Plaintiffs, ABB Turbo Systems AG and ABB Inc. (collectively, "ABB"), with the following Answer and Affirmative Defenses.

**GENERAL DENIAL**

Unless specifically admitted below, TurboNed denies each and every allegation in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

TurboNed hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

## THE PARTIES

1. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies them.

2. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies them.

3. TurboNed admits the allegations in paragraph 3.

4. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies them.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, TurboNed admits that ABB has filed an action alleging patent infringement under Title 35 of the United States Code and/or the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. TurboNed denies all remaining allegations in Paragraph 5.

6. TurboNed admits that this Court has subject matter jurisdiction over this litigation.

7. Paragraph 7 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, solely for the purposes of this litigation, to conserve the resources of the parties and the Court, TurboNed does not contest that this Court has personal jurisdiction over TurboNed . TurboNed denies all remaining allegations of paragraph 7.

8. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies them.

9. Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, solely for the purposes of this litigation, to conserve the resources of the parties and the Court, TurboNed does not contest venue in this judicial district. TurboNed denies all remaining allegations of paragraph 9.

## BACKGROUND

*ABB and the Patents-in-Suit*

10. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies them.

11. TurboNed admits that U.S. Patent No. 6,012,901 ("the '901 patent") and U.S. Patent No. 6,024,495 ("the '495 patent") are at issue in this litigation. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in paragraph 11 and, therefore, denies them.

12. TurboNed admits that the '901 patent, on its face, states that it issued on January 11, 2000 and is entitled "Compressor Impeller Fastening for High Speed Turboengines." TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ownership of the '901 patent and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 12.

13. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies them.

14. TurboNed admits that the '495 patent, on its face, states that it issued on February 15, 2000 and is entitled "Axial Sliding Bearing." TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the

ownership of the ’495 patent and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 14.

15. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies them.

16. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies them.

*TurboNed and TurboUSA*

17. TurboNed denies the allegations of paragraph 17.

18. TurboNed admits that it makes turbocharger components available to its customers ex works, in the Netherlands, and is one of the world’s largest suppliers of non-OEM turbocharger spare parts. TurboNed denies all remaining allegations of paragraph 18.

19. TurboNed denies the allegations of paragraph 19.

20. TurboNed admits that it makes turbocharger components available ex works, in the Netherlands, to independent companies which are located throughout the world . TurboNed denies all remaining allegations of paragraph 20.

21. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies them.

22. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 22 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 22.

23. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies them.

24. TurboNed admits that it makes turbocharger components available ex works, in the Netherlands, to TurboUSA. TurboNed denies all remaining allegations of paragraph 24.

25. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies them.

26. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies them.

27. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies them.

28. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies them.

29. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies them.

30. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies them.

31. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 31 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 31.

32. TurboNed admits that it has knowledge of the ’495 patent through the filing of ABB’s Complaint in this litigation. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 32 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 32.

33. TurboNed admits that it has knowledge of the ’901 patent through the filing of ABB’s Complaint in this litigation. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 33 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 33.

## COUNT I: DIRECT INFRINGEMENT OF THE ’901 PATENT

34. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 33 above.

35. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 35 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 35.

36. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 36 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 36.

37. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 37 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 37.

38. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 38 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 38.

## COUNT II: INDIRECT INFRINGEMENT OF THE ’901 PATENT

39. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 38 above.

40. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 40 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 40.

41. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 41 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 41.

42. TurboNed denies the allegations of paragraph 42.

43. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and, therefore, denies them.

44. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 44 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 44.

45. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 45 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 45.

46. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 46 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 46.

47. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 47 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 47.

**COUNT III: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '901 PATENT**

48. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 47 above.

49. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 49 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 49.

50. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 50 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 50.

51. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(a). TurboNed denies all remaining allegations of paragraph 51.

52. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(b). TurboNed denies all remaining allegations of paragraph 52.

53. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(c). TurboNed denies all remaining allegations of paragraph 53.

**COUNT IV: DIRECT INFRINGEMENT OF THE '495 PATENT**

54. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 33 above.

55. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and, therefore, denies them.

56. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies them.

57. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and, therefore, denies them.

58. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and, therefore, denies them.

## COUNT V: INDIRECT INFRINGEMENT OF THE '495 PATENT

59. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 33 and 54-58 above.

60. TurboNed denies the allegations of paragraph 60.

61. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 61 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 61.

62. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 62 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 62.

63. TurboNed denies the allegations of paragraph 63.

64. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and, therefore, denies them.

65. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 65 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 65.

66. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 66 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 66.

67. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 67 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 67.

68. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 68 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 68.

**COUNT VI: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '495 PATENT**

69. TurboNed herein incorporates by reference its answers contained in paragraphs 1 – 33 and 54-68 above.

70. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 70 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 70.

71. TurboNed lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboUSA contained in paragraph 71 and, therefore, denies them. TurboNed denies all remaining allegations of paragraph 71.

72. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(a). TurboNed denies all remaining allegations of paragraph 72.

73. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(b). TurboNed denies all remaining allegations of paragraph 73.

74. TurboNed admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(c). TurboNed denies all remaining allegations of paragraph 74.

## PRAYER FOR RELIEF

TurboNed denies that ABB is entitled to any relief whatsoever against TurboNed in this action, either as prayed for in its Complaint or otherwise.

## JURY DEMAND

TurboNed admits that ABB has requested a trial by jury on all issues triable of right by jury.

* * *

## AFFIRMATIVE DEFENSES

TurboNed's Affirmative Defenses are listed below. TurboNed reserves the right to amend its Answer to add Affirmative Defenses consistent with the facts discovered in this case.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

75. ABB's Complaint fails to state a claim against TurboNed upon which relief may be granted.

**SECOND DEFENSE: NON-INFRINGEMENT**

76. TurboNed has not infringed and currently is not infringing any valid claim of the ’901 patent or the ’495 patent (collectively, the “patents-in-suit”), either literally or under the doctrine of equivalents, TurboNed has neither actively induced or contributed to the infringement of any valid claim of the patents-in-suit, nor is TurboNed currently actively inducing or contributing to the infringement of any valid claim of the patents-in-suit.

**THIRD DEFENSE: INVALIDITY**

77. Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability, including those specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE: COSTS BARRED**

78. ABB’s claims for cost are barred and/or limited under 35 U.S.C. § 288.

**FIFTH DEFENSE: LIMITATION ON DAMAGES**

79. ABB’s claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and/or 287.

**SIXTH DEFENSE: NO RIGHT TO INJUNCTIVE RELIEF**

80. ABB is not entitled to injunctive relief because, among other things, any alleged injury can be adequately compensated by monetary damages and ABB’s claim otherwise fails to meet the requirements for such relief.

## SEVENTH DEFENSE: LACHES

81. ABB's claims are barred, in whole or in part, to the extent that the doctrine of laches applies.

* * *

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, TurboNed requests that:

A. ABB takes nothing by its Complaint and its claims are dismissed in their entirety, with prejudice;

B. The Court enter judgment in favor of TurboNed in this action, and deny ABB all requested relief;

C. The Court find that the patents-in-suit are not infringed by TurboNed;

D. The Court find that the patents-in-suit are invalid;

E. The Court find that ABB is entitled to no injunctive relief;

F. The Court find that ABB is entitled to no damages;

G. The Court find that ABB is entitled to no declaratory judgment of infringement;

H. The Court declare that this is an exceptional case entitling TurboNed to its reasonable attorneys' fees under 35 U.S.C. § 285;

I. The Court award TurboNed its costs and reasonable attorneys' fees; and

J. The Court grant TurboNed all other and further relief to which it may show itself to be entitled.

Dated: August 13, 2012

Respectfully submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

s/ J. Pablo Cáceres

J. PABLO CÁCERES, ESQUIRE
Florida Bar No. 131229
pcaceres@butlerpappas.com
ERICA K. WILLIAMS, ESQUIRE
Florida Bar No. 23807
ewilliams@butlerpappas.com
777 S. Harbour Island Blvd., Suite 500
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900

Marc J. Pensabene
*Pro Hac Vice*
mpensabene@fchs.com
Christopher P. Borello
*Pro Hac Vice*
cborello@fchs.com
Jason M. Dorsky
*Pro Hac Vice*
jdorsky@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Defendant TurboNed Service B.V.

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2012, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Stephen R. Senn, Esq.
Peterson & Myers, P.A.
P. O. Box 24628
Lakeland, FL 33802
ssenn@petersonmyers.com

Kurt L. Glitzenstein, Esq.
Fish & Richardson, P.C.
One Marine Park Drive
Boston, MA 02210
glitzenstein@fr.com

Jack P. Smith III, Esq.
Ajit S. Dang, Esq.
Fish & Richardson, P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
jay.smith@fr.com
dang@fr.com

Attorneys for Plaintiffs ABB Turbo Systems AG and ABB Inc.

Richard W. Epstein, Esq.
Greenspoon Marder, PA
100 W. Cypress Creek Road
Trade Centre South, Suite 700
Ft. Lauderdale, FL 33309
Richard.Epstein@gmlaw.com

Attorneys for Defendant TurboUSA, Inc.

s/ J. Pablo Cáceres
J. PABLO CÁCERES