IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ABB TURBO SYSTEMS AG and
ABB INC., Case No. 0:13-cv-60394-KMM (Moore/Torres)

Plaintiffs,

v.

TURBONED SERVICE B.V. and
TURBOUSA, INC.,

Defendants.
_______________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT TURBOUSA, INC.**

Defendant, TURBOUSA, INC. ("TURBOUSA"), by and through its undersigned attorneys, hereby responds to the Complaint of Plaintiffs, ABB TURBO SYSTEMS AG and ABB INC. (together, "ABB"), with the following Answer and Affirmative Defenses:

**THE PARTIES**

1. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint and, therefore, denies the same and demands strict proof thereof.

2. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint and, therefore, denies the same and demands strict proof thereof.

3. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint and, therefore, denies the same and demands strict proof thereof.

4. TURBOUSA admits the allegations contained in Paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph "5" of the Complaint contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, TURBOUSA admits that ABB has filed an action alleging patent infringement under Title 35 of the United States Code and/or the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. TURBOUSA denies all remaining allegations in Paragraph "5" of the Complaint and, therefore, demands strict proof thereof.

6. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint and, therefore, denies the same and demands strict proof thereof.

7. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint and, therefore, denies the same.

8. Paragraph "8" of the Complaint contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, solely for the purposes of this litigation, to conserve the resources of the parties and the Court, TURBOUSA does not contest that this Court has personal jurisdiction over TURBOUSA. TURBOUSA denies all remaining allegations of Paragraph "8" of the Complaint and, therefore, demands strict proof thereof.

9. TURBOUSA denies the allegations contained in Paragraph "9" of the Complaint and, therefore, demands strict proof thereof and refers all questions of law to the Court for its determination. TURBOUSA further responds that the subject matter was previously filed by ABB in the United States District Court for the Middle District of Florida, Civil Action No.:

8:12-cv-01322-MSS/TGW and was transferred to the instant Court after the Court granted TURBOUSA's Motion to Transfer.

## **BACKGROUND**

*ABB and the Patents-in-Suit*

10. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint and, therefore, denies the same and demands strict proof thereof.

11. TURBOUSA admits that ABB purports that U.S. Patent No. 6,012,901 ("the '901 patent") and U.S. Patent No. 6,024,495 ("the '495 patent") are at issue in this litigation. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph "11" of the Complaint and, therefore, denies the same and demands strict proof thereof.

12. TURBOUSA admits that the '901 patent, on its face, states that it was issued on January 11, 2000 and is entitled "Compressor Impeller Fastening for High Speed Turboengines." TURBOUSA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint concerning the ownership of the '901 patent and, therefore, denies the same and demands strict proof thereof. TURBOUSA denies all remaining allegations of Paragraph "12" of the Complaint and, therefore, demands strict proof thereof.

13. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint and, therefore, denies the same and demands strict proof thereof.

14. TURBOUSA admits that the '495 patent, on its face, states that it issued on

February 15, 2000 and is entitled "Axial Sliding Bearing." TURBOUSA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint concerning the ownership of the '495 patent and, therefore, denies the same and demands strict proof thereof at the time of trial. TURBOUSA denies all remaining allegations of Paragraph "14" of the Complaint and, therefore, demands strict proof thereof.

15. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint and, therefore, denies the same and demands strict proof thereof.

16. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint and, therefore, denies the same and demands strict proof thereof.

*TurboNed and TurboUSA*

17. TURBOUSA admits the allegations contained in Paragraph "17" of the Complaint.

18. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint and, therefore, denies the same.

19. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint and, therefore, denies the same.

20. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint and, therefore, denies the

same.

21. TURBOUSA denies the allegations contained in Paragraph "21" of the Complaint as phrased and, therefore, demands strict proof thereof.

22. TURBOUSA denies the allegations contained in Paragraph "22" of the Complaint as phrased and, therefore, demands strict proof thereof.

23. TURBOUSA denies the allegations contained in Paragraph "23" of the Complaint and, therefore, demands strict proof thereof.

24. TURBOUSA denies the allegations contained in Paragraph "24" of the Complaint and, therefore, demands strict proof thereof.

25. TURBOUSA admits that it has a database that contains part specifications for most ABB turbochargers, but otherwise denies the allegations contained in Paragraph "25" of the Complaint as phrased and, therefore, demands strict proof thereof.

26. TURBOUSA denies the allegations contained in Paragraph "26" of the Complaint and, therefore, demands strict proof thereof.

27. TURBOUSA admits the allegations contained in Paragraph "27" of the Complaint.

28. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint and, therefore, denies the same and demands strict proof thereof.

29. TURBOUSA denies the allegations contained in Paragraph "29" of the Complaint and, therefore, demands strict proof thereof.

30. TURBOUSA denies the allegations contained in Paragraph "30" of the Complaint and, therefore, demands strict proof thereof.

31. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "31" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "31" of the Complaint and, therefore, demands strict proof thereof.

32. TURBOUSA admits that it has knowledge of the '495 patent through the filing of ABB's Complaint in this litigation. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "32" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "32" of the Complaint and, therefore, demands strict proof thereof.

33. TURBOUSA admits that it has knowledge of the '901 patent through the filing of ABB's Complaint in this litigation. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "33" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "33" of the Complaint and, therefore, demands strict proof thereof.

**COUNT 1: DIRECT INFRINGEMENT OF THE '901 PATENT**

34. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 33" above.

35. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "35" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "35" of the Complaint and, therefore, demands strict proof thereof.

36. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "36" of the Complaint and,

therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "36" of the Complaint and, therefore, demands strict proof thereof.

37. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "37" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "37" of the Complaint and, therefore, demands strict proof thereof.

38. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "38" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "38" of the Complaint and, therefore, demands strict proof thereof.

**COUNT II: INDIRECT INFRINGEMENT OF THE '901 PATENT**

39. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 38" above.

40. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "40" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "40" of the Complaint and, therefore, demands strict proof thereof.

41. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "41" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "41" of the Complaint and, therefore, demands strict proof thereof.

42. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "42" of the Complaint and,

therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "42" of the Complaint and, therefore, demands strict proof thereof.

43. TURBOUSA denies the allegations contained in Paragraph "43" and, therefore, demands strict proof thereof.

44. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "44" and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "44" of the Complaint and, therefore, demands strict proof thereof.

45. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "45" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "45" of the Complaint and, therefore, demands strict proof thereof.

46. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "46" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "46" of the Complaint and, therefore, demands strict proof thereof.

47. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "47" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "47" of the Complaint and, therefore, demands strict proof thereof.

## COUNT III: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '901. PATENT

48. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 47" above.

49. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "49" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "49" of the Complaint and, therefore, demands strict proof thereof.

50. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "50" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "50" of the Complaint and, therefore, demands strict proof thereof.

51. TURBOUSA admits that ABB seeks a declaration that TurboNed and TURBOUSA are in violation of 35 U.S.C. § 271(a). TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "51" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "51" of the Complaint and, therefore, demands strict proof thereof.

52. TURBOUSA admits that ABB seeks a declaration that TurboNed and TURBOUSA are in violation of 35 U.S.C. § 271(a). TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "52" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "52" of the Complaint and, therefore, demands strict proof thereof.

53. TURBOUSA admits that ABB seeks a declaration that TurboNed and TURBOUSA are in violation of 35 U.S.C. § 271(a). TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed

contained in Paragraph "53" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "53" of the Complaint and, therefore, demands strict proof thereof.

**COUNT IV: DIRECT INFRINGEMENT OF THE '495 PATENT**

54. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 33" above.

55. TURBOUSA denies the allegations contained in Paragraph "55" of the Complaint and, therefore, demands strict proof thereof.

56. TURBOUSA denies the allegations contained in Paragraph "56" of the Complaint and, therefore, demands strict proof thereof at the time of trial.

57. TURBOUSA denies the allegations contained in Paragraph "57" of the Complaint and, therefore, demands strict proof thereof.

58. TURBOUSA denies the allegations contained in Paragraph "58" of the Complaint and, therefore, demands strict proof thereof.

**COUNT V: INDIRECT INFRINGEMENT OF THE '495 PATENT**

59. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 33" and "54-58" above.

60. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "60" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "60" of the Complaint and, therefore, demands strict proof thereof.

61. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "61" of the Complaint and,

therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "61" of the Complaint and, therefore, demands strict proof thereof.

62. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "62" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "62" of the Complaint and, therefore, demands strict proof thereof.

63. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "63" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "63" of the Complaint and, therefore, demands strict proof thereof.

64. TURBOUSA denies the allegations of Paragraph "64" of the Complaint and, therefore, demands strict proof thereof.

65. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "65" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "65" of the Complaint and, therefore, demands strict proof thereof.

66. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "66" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "66" of the Complaint and, therefore, demands strict proof thereof.

67. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "67" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "67" of

the Complaint and, therefore, demands strict proof thereof.

68. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "68" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "68" of the Complaint and, therefore, demands strict proof thereof.

**COUNT VI: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '495 PATENT**

69. TURBOUSA herein incorporates by reference its answers contained in Paragraphs "1 – 33" and "54-68" above.

70. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "70" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "70" of the Complaint and, therefore, demands strict proof thereof.

71. TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "71" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "71" of the Complaint and, therefore, demands strict proof thereof.

72. TURBOUSA admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(a). TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "72" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "72" of the Complaint and, therefore, demands strict proof thereof.

73. TURBOUSA admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(b). TURBOUSA lacks knowledge or information sufficient

to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "73" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "73" of the Complaint and, therefore, demands strict proof thereof.

74. TURBOUSA admits that ABB seeks a declaration that TurboNed and TurboUSA are in violation of 35 U.S.C. § 271(c). TURBOUSA lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning TurboNed contained in Paragraph "74" of the Complaint and, therefore, denies the same. TURBOUSA denies all remaining allegations of Paragraph "74" of the Complaint and, therefore, demands strict proof thereof at the time of trial.

**PRAYER FOR RELIEF**

TURBOUSA denies that ABB is entitled to any relief whatsoever against TURBOUSA in this action, either as prayed for in its Complaint, listed as ABB's "Prayer for Relief" "A - L" or otherwise.

**JURY DEMAND**

TURBOUSA admits that ABB has requested a trial by jury on all issues triable of right by jury.

**AFFIRMATIVE DEFENSES**

TURBOUSA's Affirmative Defenses are listed below. TURBOUSA reserves the right to amend its Answer to add Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

75. ABB's Complaint fails to state a claim against TURBOUSA upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

76. TURBOUSA has not infringed and currently is not infringing any valid claim of the '901 patent or the '495 patent (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, TURBOUSA has neither actively induced or contributed to the infringement of any valid claim of the patents-in-suit, nor is TURBOUSA currently actively inducing or contributing to the infringement of any valid claim of the patents-in-suit.

**THIRD AFFIRMATIVE DEFENSE**

77. Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability, including those specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

78. ABB's claims for cost are barred and/or limited under 35 U.S.C. § 288.

**FIFTH AFFIRMATIVE DEFENSE**

79. ABB's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and/or 287.

**SIXTH AFFIRMATIVE DEFENSE**

80. ABB is not entitled to injunctive relief because, among other things, any alleged injury can be adequately compensated by monetary damages and ABB's claim otherwise fails to meet the requirements for such relief.

**SEVENTH AFFIRMATIVE DEFENSE**

81. ABB's claims are barred, in whole or in part, to the extent that the doctrine of laches applies, in that, in part, ABB failed to claim any interest in the subject patent rights or objections to the alleged violations of said rights by TURBOUSA, and by allowing TURBOUSA to spend substantial sums of money in the organization, marketing and operations of its business. Having slept on their purported rights, to the detriment of TURBOUSA, ABB cannot assert them

at this late date.

**EIGHTH AFFIRMATIVE DEFENSE**

82. Without admitting the truth of the allegations contained in the Complaint, ABB's claims are barred, in whole or in part, by the doctrine of fair use in as much that any reference by TURBOUSA of ABB was necessitated by the fact that the product/service is not readily identifiable without the use of the term ABB, it was used in a very limited fashion, it was used solely for purposes of identification regarding suitability of use and such use did not suggest ABB sponsorship or endorsement of TURBOUSA services.

**NINTH AFFIRMATIVE DEFENSE**

83. TURBOUSA is due a set-off against any and all monies ABB claims against TURBOUSA based upon any settlement or recovery from any other person and/or entity.

**TENTH AFFIRMATIVE DEFENSE**

84. ABB is barred from bringing this action based on the waiver of claims asserted in the Complaint, in that ABB failed to take any action whatsoever as it relates to TURBOUSA to preserve or prosecute the claims now being alleged against TURBOUSA.

**ELEVENTH AFFIRMATIVE DEFENSE**

85. ABB has failed to mitigate the claimed damage and therefore any recovery must be reduced to reflect the additional damages incurred as a result of ABB's failure to mitigate.

**TWELTH AFFIRMATIVE DEFENSE**

86. ABB is barred from bringing this action based on the doctrine of unclean hands in that the purported infringement of the patented information, as alleged in the Complaint, was performed by ABB and/or its representatives.

**THIRTEENTH AFFIRMATIVE DEFENSE**

87. Without admitting the truth of the allegations contained in the Complaint, TURBOUSA was not the proximate cause of the events referred to in the Complaint or the purported damages resulting therefrom.

**FOURTEENTH AFFIRMATIVE DEFENSE**

88. Without admitting the truth of the allegations contained in the Complaint, a proximate cause of the events referred to in the Complaint was the carelessness and negligence of third parties, Co-Defendant (TURBONED SERVICE B.V.), ABB and/or its officers, agents, officers, directors, representatives and employees which proximately caused and contributed to the happening of the events and to the loss and/or damages complained of, if any, thereby barring recovery against ABB's recovery from TURBOUSA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

89. Without admitting the truth of the allegations contained in the Complaint, ABB is barred from bringing this action, in whole or in part, based on the doctrine of equitable estoppel in that ABB lead TURBOUSA believe it did not intend to enforce its patent, TURBOUSA relied on such conduct and would be prejudiced by the continuation of the claim.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, TURBOUSA requests that:

A. ABB takes nothing by its Complaint and its claims are dismissed in their entirety, with prejudice;

B. The Court enter judgment in favor of TURBOUSA in this action, and deny ABB all requested relief;

C. The Court find that the patents-in-suit are not infringed by TURBOUSA;

D. The Court find that the patents-in-suit are invalid;

E. The Court find that ABB is entitled to no injunctive relief;

F. The Court find that ABB is entitled to no damages;

G. The Court find that ABB is entitled to no declaratory judgment of infringement;

H. The Court declare that this is an exceptional case entitling TURBOUSA to its reasonable attorneys' fees under 35 U.S.C. § 285;

I. The Court award TURBOUSA its costs and reasonable attorneys' fees; and

J. The Court grant TURBOUSA all other and further relief to which it may show itself to be entitled.

Dated: April 12, 2013.

Respectfully Submitted,

GREENSPOON MARDER, P.A.

*/s/ Richard Epstein*
RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
REBECCA F. BRATTER
Florida Bar No. 0685100
Rebecca.Bratter@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 0662501
Jeffrey.Backman@gmlaw.com
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)

*Attorneys for TURBOUSA, INC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system on the 12th day of April, 2013. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF.

Ajit S. Dang, Esq.
Jack P. Smith, III, Esq.
Fish & Richardson, P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Telephone (404) 892-5005
Fax (404) 892-5002
Email: dang@fr.com
Email: jay.smith@fr.com
*Plaintiff's Counsel*

Kurt L. Glitzenstein, Esq.
Fish & Richardson, P.C.
One Marina Park Drive
Boston, MA 02210
Telephone (617) 542-5070
Fax (617) 542-8906
Email: glitzenstein@fr.com
*Plaintiff's Counsel*

William R. Trueba, Jr., Esq.
Espinosa / Trueba PL
3001 SW 3rd Avenue
Miami, FL 33129
Telephone (305) 854-0900
Fax (305) 285-5555
Email: wtrueba@etlaw.com
*Plaintiff's Counsel*

Jason M. Dorsky, Esq.
Marc J. Pensabene, Esq.
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104-3800
Telephone (212) 218-2558

Erica Karol Williams, Esq.
Juan P. Caceres, Esq.
Butler Pappas Weihmuller Katz Craig
777 S Harbour Island Boulevard
One Harbour Place Suite 500
Tampa, FL 33602
813-281-1900
Fax: 813-281-0900
Email: ewilliams@butlerpappas.com
Email: pcaceres@butlerpappas.com
*Attorney for Turboned Services, B.V.*

Stephen R. Senn, Esq.
Peterson & Myers, P.A.
PO Box 24628
Lakeland, FL 33802-4628
Telephone (863) 683-6511
Fax (863) 904-1335
Email: agriffin@petersonmyers.com
*Plaintiff's Counsel*

Christopher P. Borello, Esq.
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104-3800
Telephone (212) 218-2100
*Defendant, Turboned Service B.V., Counsel*

Email: jdorsky@fchs.com
*Defendant, Turboned Service B.V., Counsel*

*/s/ Richard W. Epstein*
RICHARD W. EPSTEIN